UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 09-23839-Huck/O'Sullivan

DIEGO GARCIA,

    Plaintiff,

vs.

SWIRE PACIFIC HOLDINGS, INC., a
Delaware corporation,

    Defendant.
_____/

## ORDER ON MOTION TO DISMISS

    Before the Court is the Defendant's motion to dismiss the Plaintiff's six-count complaint. For the reasons set forth below, the Court grants the motion in part and denies it in part.

**I.    Background**

    The Plaintiff deposited $240,000 in an escrow account controlled by the Defendant's escrow agent in connection with the purchase of a unit in a condominium building known as "Asia" on Brickell Key in Miami, Florida. The Defendant is the owner of the unit in question. Through the complaint, the Plaintiff seeks (1) the recovery of his deposit, (2) damages, and (3) equitable relief.

    In his complaint, the Plaintiff alleges that on or about March 20, 2005, he entered into a contract that was prepared by the Defendant and is attached to the complaint for the purchase of Unit 2605 in Asia. Per the contract, the Plaintiff deposited $240,000 in an escrow account with the Defendant's escrow agent. On October 14, 2009, the Plaintiff demanded the return of his deposit alleging various breaches by the Defendant. Shortly thereafter, the Defendant responded that the Plaintiff had breached the purchase agreement, would not receive a refund of his deposit, and the purchase contract had been cancelled due to the Plaintiff's breaches. In response, the Plaintiff requested a copy of any correspondence from the Defendant setting a closing date which correspondence the Defendant has allegedly failed to produce. Each letter is attached to the complaint.

    Count I of the complaint seeks to void the purchase contract because the Defendant failed

to comply with Fla. Stat. § 718.503(1)(b) in that the Defendant did not provide the Plaintiff with certain documents required by that statute. Count II seeks to void the contract under Fla. Stat. § 718.503(1)(a) based on material and adverse changes to the Plaintiff's unit. Specifically, the Plaintiff alleges that his unit is 200 square feet smaller than originally represented. In Count III of the complaint, the Plaintiff seeks to void the contract under Fla. Admin. Code r. 61B-17.006 because the Defendant allegedly failed to deliver to the Plaintiff copies of amendments affecting the Plaintiff's unit. Count IV seeks damages and attorneys' fees under Florida's Deceptive and Unfair Trade Practices Act (FDUTPA), Fla. Stat. § 501.204, based on the previously mentioned acts. Count V is based on the Interstate Land Sales Full Disclosure Act (ILSA), 15 U.S.C. § 1709, and seeks cancellation of the contract, damages, and attorneys' fees. The Plaintiff alleges that the Defendant breached his obligations under ILSA when it failed to give the Plaintiff a copy of a "property report" containing certain facts about the subdivision and developer. Finally, Count VI seeks common law rescission of the contract.

For various reasons, the Defendant contends that each of the counts should be dismissed. The Defendant contends that Count I should be dismissed with prejudice because Fla. Stat. § 718.503(1)(b) does not apply because the condominium has more than twenty units; instead, the Defendant contends that Fla. Stat. § 718.504 applies and, in any event, when the Plaintiff signed the contract, he acknowledged that he received all documents required by law. As an additional reason to support the dismissal of Count I, the Defendant argues that it actually complied with Fla. Stat. § 718.504 by providing all required documents. The Defendant seeks dismissal of Count II because under Fla. Stat. § 718.503, the Plaintiff was required to rescind the contract within 15 days after receiving any amendment that materially altered or modified the offering. Therefore, because Count II fails to plead a necessary element, the Defendant argues that the count should be dismissed or re-pleaded. The Defendant argues that Count III should be dismissed with prejudice because Fla. Admin. Code r. 61B-17.006 does not provide a private right of action. Count IV of the complaint, based on the Defendant's alleged violation of FDUTPA, should be dismissed because (1) it is time-barred in that the four-year statute of limitations, which began to run when the Plaintiff signed his contract in May 2005, expired before the Plaintiff instituted this lawsuit; (2) the underlying violations of Fla. Stat. § 718.503 and Fla. Admin. Code r. 61B-17.006 fail as a matter of law; and

(3) the Plaintiff has failed to plead the elements of a violation of FDUTPA. The Defendant contends that Count V should be dismissed with prejudice because it is barred by ILSA's three-year statute of limitations. Finally, the Defendant contends that Count VI should be dismissed because (1) he waited longer than the applicable four-year statute of limitations under Fla. Stat. § 95.11(3)(l) before filing this lawsuit and (2) the contract provides fair and mutual remedies for any breaches.

As an initial matter, the Plaintiff agrees that Counts IV and V should be dismissed because they are barred by the statute of limitations. The Plaintiff argues that the remainder of the counts should survive the Plaintiff's motion to dismiss. With respect to Count I, the Plaintiff argues that he never signed a receipt for the condominium documents as required by Florida law and that Fla. Stat. § 718.503 is not limited to buildings with fewer than twenty units. The Plaintiff claims that Count II should stand because he was only recently informed of the material changes to his unit. The Plaintiff argues that Fla. Admin. Code r. 61B-17.006 does, in fact, provide a private right of action. Finally, the Plaintiff argues that Count VI is not untimely because a five-year period of limitations applies under Fla. Stat. § 95.11(2).

In its reply the Defendant argues that the purchase agreement belies the Plaintiff's claim that he never received the condominium documents in violation of Fla. Stat. § 718.503. Specifically, the contract states as follows: "Buyer acknowledges receipt of the Condominium Documents and all documents required by Section 718.503, Florida Statutes, to be furnished by a developer to a buyer, on or before the date of this Agreement." Because the contract, which is attached to the complaint, negates the allegation in Count I, the Defendant argues that Count should be dismissed with prejudice.

**II.    Standard of Review**

In reviewing a motion to dismiss, all well-pled facts in the complaint and all reasonable inferences drawn from those facts must be taken as true. *Jackson v. Okaloosa County, Fla.*, 21 F.3d 1531, 1534 (11th Cir. 1994). Because attachments to the complaint are "a part of the pleading for all purposes," a court may consider the content of the attachments in passing on a motion to dismiss. Fed. R. Civ. P. 10(c). Dismissal is warranted under Rule 12(b)(6) if, assuming the truth of the factual allegations in the plaintiff's complaint, there is a dispositive legal issue that precludes relief.

*See, e.g.*, *Marshall County Bd. of Educ. v. Marshall County Gas Dist.*, 992 F.2d 1171, 1174 (11th Cir. 1993).

**III.    Analysis**

The Court concludes that Count I adequately states a claim for relief, Counts II and VI should be dismissed with leave to amend, and Counts III-V should be dismissed with prejudice. In Section III.E the Court advises the Plaintiff to consider whether Counts I and II may be maintained concurrently.[1]

A.    Count I

In Count I, the Plaintiff seeks to void the contract because the Defendant allegedly failed to provide the Plaintiff with copies of the documents required by Fla. Stat. § 718.503(1)(b). Section 718.503(1)(b) identifies a series of documents that developers must deliver to prospective buyers. Section 718.503(1)(b) states in pertinent part: "[t]he documents to be delivered to the prospective buyer are the prospectus or disclosure statement with all exhibits, if the development is subject to the provisions of s. 718.504, or, if not, then copies of the following which are applicable" before listing seventeen categories of documents that the developer must disclose to prospective buyers. Section 718.504 applies to developers of residential condominiums that contain more than twenty residential units. Therefore, if the condominium building contains more than twenty units, the developer is only required to supply the documents identified in § 718.504.

The Defendant contends that Count I should be dismissed because § 718.503(1)(b) does not apply because Asia, the condominium building in question, has more than twenty units. One problem with this argument is that it requires the Court to consider a fact that is not contained within the complaint. The Court, of course, is aware that Asia is a high-rise on Brickell Key with far more than twenty units. *See* Asia | Brickell Key | A Miami Condominium, http://www.asiamiamicondo.com/ (last visited Apr. 12, 2010) (stating, in the "Building" tab, "Fewer than 125 ultra-luxury residences are housed within -- just five residences per typical floor, each

---

[1]    As the Court notes in Section III.E of this order, inconsistent factual pleading is limited by the requirements of Rule 11 of the Federal Rules of Civil Procedure. Accordingly, before filing an amended complaint, the Plaintiff and his counsel should conduct the necessary investigation to determine to what extent the Plaintiff can maintain a claim based on the Defendant's alleged failure to provide documents required by law.

accessed by an exclusive high-speed elevator equipped with the latest biometric technology in fingerprint recognition."). But on a motion to dismiss, the Court may not consider facts outside of the complaint and must accept the facts alleged in the complaint as true.

Another problem with the argument is that although § 718.504 gives more detail about the developer's disclosure obligations with respect to buildings consisting of more than twenty units, § 718.503(1)(b) incorporates by reference the disclosure requirements of § 718.504. *See* Fla. Stat. § 718.503(1)(b) ("The documents to be delivered to the prospective buyer are the prospectus or disclosure statement . . . if the development is subject to the provisions of s. 718.504 . . . ."). Indeed, the contract, prepared by the Defendant, includes a clause in which the "Buyer acknowledges receipt of the Condominium Documents and all documents required by Section 718.503, Florida Statutes, to be furnished by a developer to a buyer, on or before the date of this Agreement" without reference to § 718.504. Contract at ¶ 1.

The Defendant relies on this section of the contract as alternate grounds for dismissal. Specifically, the Defendant argues that because the Plaintiff acknowledged receipt of the required documents in the contract attached to his complaint, he should be estopped from arguing a position that is contradicted by the contract attached to his complaint. The problem with this argument is that the remainder of ¶ 1 of the contract specifies that the statement acknowledging receipt of the documents required by § 718.503 "shall not be in lieu of the execution of a Receipt for Condominium Documents." No such receipt is attached to the complaint to negate the Plaintiff's allegation that the Defendant failed to provide the statutorily required documents. Therefore, in this posture, the Court must accept the allegations in the complaint as true. For the same procedural reason, the Court does not consider the Defendant's argument that it complied with Fla. Stat. § 718.504.

Accordingly, the motion to dismiss is denied with respect to Count I, subject to the Court's comments in Section III.E of this order.

      B.      <u>Count II</u>

In Count II of the complaint, the Plaintiff seeks to void the contract because the Defendant has materially altered the unit that the Plaintiff agreed to purchase. Specifically, the Plaintiff alleges that the unit he agreed to purchase is approximately 200 square feet smaller than originally

represented. The contract incorporates a statutorily mandated clause that allows a buyer to cancel a contract if the developer materially alters the offering. Under Fla. Stat. § 718.503(1)(a), the buyer may void the contract "by delivering written notice of the of the Buyer's intention to cancel within 15 days after the date of receipt from the Developer of any amendment which materially alters or modifies the offering in a manner that is adverse to the Buyer." Fla. Stat. § 718.503(1)(a); Contract at ¶ 25.

The Defendant correctly argues that the Plaintiff's claim fails to adequately plead entitlement to relief under ¶ 25. Under that section of the contract, the Plaintiff only has a right to void the contract if (1) the Defendant materially altered or modified the offering in a manner adverse to the Plaintiff, (2) the Plaintiff delivered to the Defendant written notice of his intention to cancel the contract, and (3) the Plaintiff delivered such notice within fifteen days of his receipt of the objectionable amendment. The complaint only vaguely asserts that the "Plaintiff was recently informed by [the] Defendant's agent of [the] Defendant's alteration of the square footage of each unit in the condominium" without specifying precisely when the Defendant notified the Plaintiff of the change. Further, the Plaintiff fails to allege that he delivered written notice to the Defendant of his intent to void the contract.[2]

Accordingly, Count II is dismissed with leave to amend consistent with the foregoing and with Section III.E of this order.

C. Count III

The Court concludes that Count III should be dismissed with prejudice because Fla. Admin. Code r. 61B-17.006 does not provide a right of action. Whether a statute creates a private right of action is a question of legislative intent. *Horowitz v. Plantation Gen. Hosp. Ltd. P'ship*, 959 So. 2d

---

[2] The Plaintiff's allegation that the change in square footage was "material" is sufficient to survive a motion to dismiss under the pleading standards of the Federal Rules of Civil Procedure. However, before re-filing his amended complaint, the Court advises the Plaintiff to consider ¶ 14 of the contract. That paragraph notifies the Plaintiff that the disparity in square footage may arise out of the use of different methods of calculating square footage, and that actual square footage may change during the construction process. Ultimately, the question of materiality is better left to the summary judgment stage. *See Kaufman v. Swire Pac. Holdings, Inc.*, --- F. Supp. 2d ----, No. 09-20160-CIV-KING, 2009 WL 4932716, at *5-6 (S.D. Fla. Dec. 18, 2009) (under objective test court was required to consider whether a reasonable buyer would find the change so significant that it would alter the buyer's decision to enter into the agreements).

176, 182 (Fla. 2007); *Murthy v. N. Sinha Corp.*, 644 So. 2d 983, 985 (Fla. 1994). Courts should determine legislative intent using the ordinary tools of statutory interpretation--text, context, and purpose--and should not construe an unambiguous statute in a way that would extend or modify the terms of statute; doing so is an "abrogation of legislative power." *Horowitz*, 959 So. 2d at 182.

Nothing in Fla. Admin. Code r. 61B-17.006 suggests an intent--legislative, administrative, or otherwise--to create a private right of action authorizing rescission of the purchase agreement and the other relief that the Plaintiff seeks. That rule simply sets forth the procedure that developers must follow if they amend any documents that have been filed with the Division of Florida Land Sales, Condominiums, and Mobile Homes--the administrative body responsible for establishing procedures for the sale of condominiums. Although Rule 61B-17.006 states that the developer is required to submit amendments to condominium unit purchasers, nothing in the regulation provides an avenue for redress if the developer fails to comply with its obligation. Clearly, one purpose of Rule 61B-17.006 is to protect unit purchasers by keeping them informed of information pertinent to the unit they have purchased. But to determine whether Rule 61B-17.006 creates a cause of action, the Court should not look at whether the rule was created to impose a duty to benefit condominium purchasers. *Murthy*, 644 So. 2d at 985. Instead, the question is whether the text of the rule plainly authorizes the cause of action. Here it does not.

Accordingly, Count III is dismissed with prejudice.

D.   Count VI

The Plaintiff seeks rescission of the contract in Count VI of the complaint. The Plaintiff's claim for rescission is based on his allegation that the parties had disparate remedies under the contract in that the Defendant could retain the deposit as liquidated damages upon the Plaintiff's default, but the Plaintiff could only recover his deposit if the Defendant defaulted.

As Judge Seitz explained in *Weaver v. Opera Tower LLC*, No. 07-23332-CIV, 2008 WL 4145520, at *4 (S.D. Fla. Aug. 1, 2008), rescission is a "harsh remedy" that is ordinarily available only in cases of "fraud, accident or mistake and not because of a mere want or failure of consideration." In view of this standard, there are no allegations in the complaint that would support rescission. Further, even if the contract's damages clause were unenforceable, rescission would not

be the appropriate remedy as the contract contains a severability provision in ¶ 26 that would permit the Court to excise any unlawful clause while enforcing the remainder of the contract.

Accordingly, Count VI is dismissed with leave to amend, again keeping in mind the requirements of Rule 11.

### E. Inconsistent Factual Pleading in Counts I and II

The Federal Rules of Civil Procedure expressly permit alternative pleading. *See* Fed. R. Civ. P. 8(d). This form of pleading has been accepted in the sense that parties may pursue both inconsistent legal theories and inconsistent factual theories. *See* 5 Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, *Federal Practice and Procedure* § 1282 (3d ed. 2010) (collecting authority). But Rule 8's permission to pursue alternative legal and factual theories is not unlimited. When a person files a pleading in federal court, that person makes a representation that "to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances . . . the factual contentions [in the pleading] have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery." Fed. R. Civ. P. 11(b)(3). Therefore, read jointly, Rules 8 and 11 only permit the pleading of alternative factual theories if counsel (or an individual, if proceeding *pro se*), after conducting an adequate investigation, is unable to determine the true facts. As the old-Fifth Circuit noted, inconsistent pleading is permitted when the pleader's doubt is "honest." *Banco Cont'l v. Curtiss Nat'l Bank of Miami*, 406 F.2d 510, 513 (5th Cir. 1969).

As the Defendant correctly argues, Counts I and II include possibly irreconcilable factual allegations. Specifically, in Count I, the Plaintiff alleges that he did not receive a copy of certain documents that must be provided to him under the contract and Florida law. These documents would presumably describe, among other things, the size of unit that the Plaintiff agreed to purchase. *See* Contract at ¶¶ 1, 14 (stating, in ¶ 1, that "[t]he Unit and the Condominium are described in greater detail in this Agreement and in the proposed Declaration of Condominium . . . included in the Prospectus and attached exhibits (the "Condominium Documents")" and, in ¶ 14, that "[b]y closing, Buyer shall be deemed to have conclusively agreed to accept the size and dimensions of the Unit, regardless of any variances in the square footage from that which may have been disclosed to Buyer at any time prior to closing, whether included as part of the Condominium Documents,

8

Seller's promotional materials or otherwise"). In Count II, however, the Plaintiff seeks to cancel the contract because the Defendant is delivering a unit that is materially different from the unit originally promised.

The question then arises: where did the Defendant make the representations about the square footage of the Plaintiff's unit upon which the Plaintiff relied when he decided to purchase the unit? If these representations were made in the documents described in ¶ 1 of the contract, then Count I of the complaint likely fails because it would mean that the Plaintiff received the documents that the Defendant was required to provide under Fla. Stat. § 718.504.[3] And if the representations were made somewhere other than in the documents described in ¶ 1 of the contract, then Count II of the complaint fails because, under the contract, the Plaintiff would not be entitled to rely on those representations about his unit. *See* Contract at ¶ 31 ("This Agreement contains the entire understanding between Buyer and Seller, and Buyer hereby acknowledges that the displays, architectural models, artist renderings and other promotional materials contained in the media, in sales office and model suite are for promotional purposes only and may not be relied upon. Buyer warrants that Buyer has not relied upon any verbal representations, advertising, portrayals or promises other than as expressly contained herein and in the Condominium Documents . . . ."). The Plaintiff must know whether he received the documents described in ¶ 1 of the contract; the Plaintiff's (and his counsel's) investigation as to that fact could and should have been completed as part of the pre-suit investigation required by Rule 11. The Plaintiff's receipt of documents is the type of fact, peculiarly within the Plaintiff's knowledge, that need not be developed during the discovery process.

Accordingly, before re-filing an Amended Complaint, the Plaintiff shall conduct the necessary investigation to determine whether, in compliance with Rule 11, Counts I and II may be brought together.

---

[3] It is possible that the Plaintiff received only some of the documents required by Fla. Stat. § 718.504 and that the documents that the Plaintiff did receive included representations about square footage. Under this scenario the Plaintiff could argue that Counts I and II can co-exist because the Defendant both failed to provide all of the required documents and made representations to the Plaintiff about the square footage of the Plaintiff's unit. If this is the case, however, the Plaintiff should amend Count I to specify exactly which documents the Defendant failed to provide.

### IV.     Conclusion

For the reasons set forth above, it is ORDERED and ADJUDGED that the Defendant's motion to dismiss is granted in part and denied in part.  The motion is denied with respect to Count I, Counts II and VI are dismissed with leave to amend, and Counts III-V of the complaint are dismissed with prejudice.  The Plaintiff shall file his Amended Complaint on or before **Tuesday, April 20, 2010**.

DONE in Chambers, Miami, Florida, April 14, 2010.

_____
Paul C. Huck
United States District Judge

**Copies furnished to:**
Counsel of record.