UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 09-CV-23839-Huck/O'Sullivan

DIEGO GARCIA,

    Plaintiff,

vs.

SWIRE PACIFIC HOLDINGS, INC., a
Delaware corporation,

    Defendant.
_____/

## ORDER ON MOTION TO DISMISS AMENDED COMPLAINT

Before the Court is the Defendant's motion to dismiss (D.E. #15) the Plaintiff's four-count amended complaint (D.E. #9). The Court previously granted in part and denied in part (D.E. #7) a motion to dismiss the Plaintiff's original complaint. *Garcia v. Swire Pac. Holdings, Inc.*, No. 09-cv-23839-PCH, 2010 WL 1524230, *6 (S.D. Fla. Apr. 14, 2010).

In the amended complaint, the Plaintiff seeks cancellation of the condominium purchase contract under Fla. Stat. § 718.503 because the Defendant allegedly failed to give the Plaintiff certain documents required by that statute (Count I), voidance of the contract because the Defendant allegedly materially modified the condominium unit in a manner adverse to the Plaintiff (Count II), damages under Florida Deceptive and Unfair Trade Practice Act based on the acts described in Counts I and II (Count III), and cancellation of the purchase contract under the Interstate Land Sales Full Disclosure Act (Count IV).

The Defendant moved to dismiss the amended complaint both because the Plaintiff filed it late and because of substantive deficiencies with several counts. The Defendant's only argument for dismissal of Count I is that the amended complaint was not timely filed. According to the Defendant, Count II should be dismissed because the Plaintiff did not seek recission of the condominium purchase contract within fifteen days of the material modification as required by Fla. Stat. § 718.503 and because the contract precludes the claim in that it advised the Plaintiff not to rely on representations other than those in the contract or the documents identified in the contract.

Further, the Defendant argues that Counts III and IV are barred by the applicable statutes of limitation.

In his response, the Plaintiff concedes that Counts III and IV are time-barred. The Plaintiff argues, however, that Counts I and II should survive the Defendant's motion. First, the Plaintiff argues that the amended complaint was timely filed because he sought and obtained "leave from the court" during settlement negotiations and the Defendant was not otherwise prejudiced by the delayed filing. Second, the Plaintiff argues that Count II should survive because the Plaintiff could not comply with the fifteen day recission deadline in Fla. Stat. § 718.503 because the Defendant failed to inform the Plaintiff of the changes as required by Fla. Admin. Code r. 61B-71.006.

The Court's order on the Defendant's first motion to dismiss required that the Plaintiff file an amended complaint by April 20, 2010. The Plaintiff's representation that the amended complaint—filed on May 4, 2010—was timely is, viewed in the most favorable light possible, not substantiated by the record. The Plaintiff does not proffer any support for his bald representation. Tellingly, and contrary to the representation in his response brief, the record reflects that the Plaintiff never "sought leave from the court" to extend the filing date for the amended complaint. The docket clearly reflects that the Plaintiff filed no motion for extension of time, and the Plaintiff never contacted the Court's staff to request additional time to file an amended complaint. The suggestion that the Plaintiff timely filed the amended complaint or sought an extension to file the amended complaint is unfounded and troubling.[1] At least to the Court, it appears that there is no room for doubt that the amended complaint was untimely filed without the Court's authorization.[2] Although untimely, the Court will not dismiss the amended complaint with prejudice because it was filed late, and will consider all of the Plaintiff's claims on the merits. The Plaintiff, however, files untimely pleadings at his own peril. *See, e.g., Alva v. Teen Help*, 469 F.3d 946, 949-50 (10th Cir. 2006)

---

[1] *See* Fed. R. Civ. P. 11. If the Plaintiff has any evidence to support his representation, he shall file a notice of filing with the supporting evidence by Thursday, July 22, 2010. If the Plaintiff has no such evidence, he shall file a notice so advising the Court by that same date.

[2] Incidentally, the amended complaint was not the Plaintiff's first untimely pleading. The Plaintiff failed to timely respond to the Defendant's first motion to dismiss and, after much follow-up by the Court, filed an untimely response to this motion to dismiss.

(dismissing an appeal for lack of jurisdiction because the notice of appeal was filed six minutes too late); *Jefferson v. Ashcroft*, 55 F.App'x 467 (9th Cir. 2003) (affirming a district court's dismissal with prejudice of an untimely amended complaint based on the district court's inherent power to control its docket) citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992).

The Court agrees with the Defendant that Count II should be dismissed. First, the amended complaint does not specify when the Plaintiff delivered to the Defendant written notice demanding rescission of the purchase agreement. The purchase agreement includes the conspicuous language required under Fla. Stat. § 718.503(1)(a)(1) advising the purchaser that "**THIS AGREEMENT IS ALSO VOIDABLE BY BUYER BY DELIVERING WRITTEN NOTICE OF THE BUYER'S INTENTION TO CANCEL WITHIN 15 DAYS AFTER THE DATE OF RECEIPT FROM THE DEVELOPER OF ANY AMENDMENT WHICH MATERIALLY ALTERS OR MODIFIES THE OFFERING IN A MANNER THAT IS ADVERSE TO THE BUYER.**" *See* Contract (D.E. #1) at § 25 (bold and all-capital typeface in original). The agreement further states that absent delivery of such notice during the 15-day period, "it means that Buyer ratifies this Agreement and the Condominium Documents and Buyer agrees that their provisions are fair and reasonable in Buyer's opinion." *Id.* Further, as the Defendant correctly points out, the Court's order dismissing the Plaintiff's complaint with leave to amend, specifically required the Plaintiff to identify the date on which the Plaintiff delivered written notice to the Defendant of his intent to void the purchase agreement. *Garcia*, 2010 WL 1524230 at *4. Second, the rescission claim set forth in Count II of the amended claim is based on a difference between the square footage of the unit represented in "marketing material" that was tendered to the Plaintiff upon executing the purchase agreement and the square footage that was later communicated to the Plaintiff by the "Defendant's agent." The purchase agreement expressly undermines this claim. First, the purchase agreement states that the purchaser should not rely on representations in any materials other than those in the purchase agreement itself and in those documents required by Fla. Stat. § 718.503. *See* Contract at pmbl. Notably, "marketing materials" are not listed in Fla. Stat. § 718.503 and, therefore, the Plaintiff should not have relied on those materials in deciding whether to purchase the condominium in question. Further, the purchase agreement specifically advised the Plaintiff that the Defendant was not making "any representation or warranty as to the actual size, dimensions or square footage

of the Unit." *Id.* at § 14. The net result is that Count II is fatally irreconcilable with the purchase agreement because Count II is based on the notion that the Defendant materially altered the unit sold to the Plaintiff even though the purchase agreement makes no representations as to the size of the unit. If the only problem with Count II were that the Plaintiff failed to set forth in his amended complaint when he delivered written notice of his intent to cancel the purchase agreement, the Court might be inclined to allow another amendment. But Count II is far more flawed than that: even assuming that the Plaintiff delivered written notice to the Defendant as required by the purchase agreement and Florida law, the Plaintiff could not prove as a matter of law that the Defendant materially altered the condominium unit in a detrimental fashion because the Defendant never made representations about the unit's square footage. *Weaver v. Opera Tower, LLC*, Case No. 07-23332-CIV, 2008 WL 4145520, *2 (S.D. Fla. Aug. 1, 2008). Accordingly, Count II is dismissed with prejudice.

For all of the foregoing reasons, it is ORDERED and ADJUDGED that the motion is granted as to Count II and denied as to Count I.

The Defendant shall answer Count I by July 26, 2010.

DONE in Chambers, Miami, Florida, July 16, 2010.

_____
Paul C. Huck
United States District Judge

**Copies furnished to:**
Counsel of record.